UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOSEPH PITRE**                                                    **CIVIL ACTION**

**VERSUS**                                                          **NO. 15-1654**

**ARIES MARINE CORPORATION,**                                       **SECTION "N"(3)**
**ET AL**                                                           *Flag Section "C"*

## ORDER

Before the Court is the motion for summary judgment filed by defendants Medco Energi

US, LLC ("Medco") and Medco Energi USA, Inc.[1] (collectively "defendants"). *See* Rec. Doc.

21. Plaintiff Joseph Pitre ("Pitre") opposes the motion. *See* Rec. Doc. 25. The Court granted

defendants' motion to file a reply to Pitre's opposition and also granted Pitre's two motions to

file supplemental memoranda. *See* Rec. Docs. 33, 35 & 37. After considering the record, the

memoranda of the parties, and the applicable law, the Court grants defendants' motion.

## I. BACKGROUND

Pitre seeks recovery for two workplace injuries which occurred over roughly a two-year

period. *See* Rec. Doc. 1 at 2–3. The first injury occurred on or about September 15, 2012, when

Pitre—an employee of defendant Quality Energy Services, Inc. ("Quality")—allegedly injured

his left knee while aboard a vessel owned and operated by defendant Aries Marine Corporation

("Aries"). *See* Rec. Doc. 21-1 at 1. The second injury occurred on May 20, 2014, when Pitre—

working for Quality on a Medco platform as part of a service agreement between Medco and

Quality—allegedly twisted his knee on uneven grating. *See id.* at 2; *see also* Rec. Doc. 25-1 at 1.

---

[1] The parties apparently do not dispute that Medco Energi USA, Inc. "is the owner/manager of Medco Energi US, LLC and does not own or operate the well at issue." *See* Rec. Doc. 21-2; *see also* Rec. Doc. 25-1. For the purposes of this order, the Court uses the shorthand of "Medco" to refer to Medco Energi US, LLC and will refer Medco Energi USA, Inc. by its full legal name.

Pitre alleges that his May 2014 injury was caused by defendants' "fault and/or negligence." *See* Rec. Doc. 1 at 4. Only the May 2014 injury is relevant for the purposes of this order.

The parties dispute many of the facts surrounding Pitre's May 2014 injury; however, the parties apparently agree that the injury occurred while Pitre was stepping down from a "battery box" onto the platform grating. *See* Rec. Doc. 21-2; *see also* Rec. Doc. 25-1. Defendants contend that prior to Pitre's injury, Medco "never received notice of a defect relating to the platform grating." *See* Rec. Doc. 21-1 at 2. Defendants further contend that Medco inspected the platform after Pitre's injury and "did not find any overlapped or uneven grating." *See id.* Medco asserts that "[n]o repairs were made to the Medco Platform or the platform grating following Mr. Pitre's alleged accident." *See id.* Defendants support these contentions with the sworn affidavit of Earl Brunet ("Brunet"), an Offshore Supervisor for Medco and Medco Energi USA, Inc. *See* Rec. Doc. 21-3. Defendants also include photographs of the "platform grating taken after Mr. Pitre's alleged accident which show no grating overlap." *See id.*

Plaintiff contends that there was "a section of overlapped/uneven grating on the platform," which caused Pitre to reinjure his knee. *See* Rec. Doc. 25-1. Pitre challenges the probative value of the photographs included with defendants' motion for summary judgment— which Pitre contends had never before been shown to Pitre. *See* Rec. Doc. 37. Pitre notes that the photographs are undated, making it unclear how much time elapsed between Pitre's injury and the time at which the photographs were taken. *See id.* Pitre contends that the grating overlap had "shifted back into place at some point between the incident and the date of the photographs." *Id.* at 2. Furthermore, Pitre contends that the photographs do not show there was no overlap in the grating, but rather show that the area of grating Pitre asserts was overlapped is a different color

from the rest of the surrounding grating and that the "overlapped grating was not secured by bolts, welds, or by any other means visible" to Pitre. *Id.*

## II. ARGUMENTS OF THE PARTIES

The parties do not dispute that Louisiana law applies to this case as surrogate federal law pursuant to the Outer Continental Shelf Lands Act ("OCSLA"). 43 U.S.C. § 1333(a)(2)(A); *Maronge v. Hunt Petroleum Co.*, Civ. A. No. 08-4959, 2010 WL 3922204 at *6 (E.D.La. Sept. 28, 2010) (Engelhardt, J.). Pitre's complaint, however, does not clearly identify any specific theory of negligence under Louisiana law that applies to Medco. *See* Rec. Doc. 1. In support of its motion for summary judgment, defendants contend that Louisiana law provides three possible avenues for Pitre to recover for Medco's alleged negligence: Articles 2315 and 2316, 2317 and 2322 of the Louisiana Civil Code. *See* Rec. Doc. 21-2 at 5; *see also Ukudi v. McMoran Oil & Gas, L.L.C.*, 587 Fed.Appx. 119, 121 (5th Cir. 2014); *Roberts v. Cardinal Serv., Inc.*, 266 F.3d 368 (5th Cir. 2001).

Defendants argue that, under any of the three theories of negligence available to Pitre, he must show that: 1) there was a defect in the grating; 2) Medco was or should have been on notice of the defect; and 3) the defect posed an unreasonable risk of harm. *See* Rec. Doc. 21-2 at 5–9. Defendants contend Pitre has failed to produce evidence raising a genuine dispute over any of these three elements. First, defendants contend that Pitre has produced no evidence—other than his own statements—that establishes there was actually an overlap in the grating at the time of his injury. *See* Rec. Doc. 21-2 at 6–7. Second, defendants argue that, even if there was an overlap in the grating, Pitre has produced no evidence—again other than his own statements—indicating that Medco was or should have been on notice of the defect. *See id.* at 7–8. Defendants emphasize that there is no evidence of the overlap existing before or after Pitre's injury. *See id.*

3

Third, defendants argue that an overlap in the grating like the one Pitre alleges was present on Medco's platform would not pose an "unreasonable risk of harm." *See id.* at 8–9. Specifically, defendants contend that the platform in question served a utility and that the cost of inspecting and repairing small overlaps in grating like the one alleged by Pitre outweighs the "extremely low" risk and magnitude of harm created by the overlap. *See id.* Defendants further argue that Pitre was not conducting an inherently dangerous activity at the time of his accident and that Pitre had been warned to keep a look out for slip and fall risks on the platform. *See id.*

Defendants make the separate argument that Medco Energi USA, Inc. should be dismissed from the action, because it was not the owner or operator of the platform on which Pitre was injured. *See id.* at 3.

Pitre's opposition does not explicitly clarify the theory of negligence under which Pitre seeks relief, nor does it methodically address all the elements of any particular theory. *See* Rec. Doc. 25, 35, & 37. However, Pitre argues there are sufficient facts in the record supporting Pitre's contention that there was an overlap in grating under the "garde"[2] of Medco at the time of Pitre's injury. *See* Rec. Docs. 25 at 3–5 & 37. Pitre further contends Medco should have known of the dangers of grating shifting "due to heavy storms or broken welds." Rec. Doc. 25. Furthermore, Pitre contends that the risk of injury from grating overlap is "easily foreseeable" and is not outweighed by the cost of inspection and proper maintenance. *See* Rec. Doc. 25 at 5. Pitre emphasizes that he was acting reasonably and within the scope and course of his employment when the injury occurred. *See generally* Rec. Doc. 25.

---

[2] In its reply to Pitre's opposition, defendants concede that Medco is the owner of the platform, but dispute that Medco had custody or "garde" over the platform, because it had turned over the platform to Quality as an independent contractor. *See* Rec. Doc. 33 at 4 n.2.

Pitre leaves unaddressed defendants' contention that Pitre cannot state a claim against Medco Energi USA, Inc.. *See* Rec. Docs. 25, 33, & 35.

## III. LAW AND ANALYSIS

### A. Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L.Ed. 2d 538 (1986); *Auguster v. Vermillion Parish Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. See Fed. R. Civ. P. 56(c)(3) ("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record," and articulate precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to

permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**B. Discussion**

*1. Summary Judgment for Medco Energi USA, Inc.*

As an initial matter, the Court notes that summary judgment for Medco Energi USA, Inc. is warranted as unopposed. At no point in his opposition to defendants' motion for summary judgment does Pitre rebut or even address defendant's argument that Medco Energi USA, Inc. should be dismissed from this action, because it was not the owner of the platform on which Pitre was injured. The Court therefore grants summary judgment for Medco Energi USA, Inc., as unopposed.

*2. Summary Judgment for Medco Energi US, LLC*

As previously noted, Pitre has failed to clearly state the theory of negligence under which he seeks to recover against Medco. Nevertheless, a review of Pitre's opposition to defendants' motion for summary judgment makes clear that his claim against Medco sounds in custodial or premises liability under Article 2317 or 2322. Both provisions of law explicitly require that the defendant knew or should have known of the defect allegedly causing the plaintiff's injury. *See* LA. CIV. CODE arts. 2317, 2322; *see also Ukudi v. McMoran Oil & Gas, L.L.C.*, 587 Fed.Appx. 119 (5th Cir. 2014).

Even assuming there was an overlap in the grating constituting an actionable defect, Pitre has not put forth evidence even giving rise to an inference that Medco knew or should have known about the alleged overlap. Indeed, other than Pitre's own general statement that grating overlap is "not unusual,"[3] it appears on the record that Pitre has not even *attempted* to produce

---

[3] In his deposition, Pitre states that grating overlap can occur after heavy storms, with improper welding, or after a break in a weld or tack. *See* Rec. Doc. 21-4. Pitre presents no evidence even giving rise to the inference that such an

evidence indicating whether Medco did or should have had reason to know of any overlap.[4] *See* Rec. Doc. 21-4 at 3. Rather than responding with countervailing evidence to Burten's affidavit plainly stating that Medco had no prior notice of the grating overlap, Pitre instead asserts generally, without citation to fact or law, that Medco should have discovered the defect by conducting periodic inspections. *See* Rec. Doc. 25 at 5–6. Pitre cannot survive summary judgment on the issue of notice by resorting to policy argument alone.

## IV. CONCLUSION

Considering the foregoing,

**IT IS HEREBY ORDERED** that the motion for summary judgment filed by defendants Medco Energi US, LLC and Medco Energi USA, Inc. is **GRANTED**. Rec. Doc. 21.

New Orleans, Louisiana, this <u>14th</u> day of March, 2016.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

event occurred leading up to his injury. One of the incident reports indicates that the weather was "calm and clear" on the day of the incident. *See* Rec. Doc. 25-3. And, even assuming Pitre's initialed markups of the photographs submitted by defendant constitutes competent summary judgment evidence, the Court cannot conclude that they lend credence to the conclusion that there was actually activity around the area in question that might have resulted in a break in the grating weld or tack. *See* Rec. Doc. 37.

[4] Discovery deadlines have passed, yet the record apparently consists solely of Pitre's deposition, Brunet's affidavit, four accident reports, and the photographs of Medco's platform. *See* Rec. Docs. 21-3, 21-4, & 25-3. There is no indication that Randy Kinstle—who appears to have been the sole third party present at the time of Pitre's injury—has been deposed or otherwise made statements regarding the incident. *See* Rec. Doc. 25-3 at 5. Likewise, nothing indicates that Brunet or other workers from the Medco platform have been deposed.